# EXHIBIT B

# Complaint to Trans Union, LLC

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

JAH JAH BEY )
4274 East Capital Street #201 )
North East Washington DC 20019 )
    Plaintiff, )
)
v. ) CIVIL ACTION NO. _____
) ~~JURY TRIAL~~ DEMANDED
TRANS UNION LLC. )
1013 CENTRE ROAD )
WILMINGTON, DE 19805 )
Serve: CSC LAWYERS INCORPORATING )
SERVICE COMPANY )
7 SAINT PAUL STREET SUITE 1660 )
BALTIMORE, MD 21202 )
)
)
    Defendant. )

RECEIVED
Civil Clerk's Office
JAN 0 3 2014
Superior Court of the
District of Columbia
Washington, D.C.

14 - 0000032

## COMPLAINT

COMES NOW the "Plaintiff", **Jah Jah Bey** (hereafter the "Plaintiff"), and for his complaint against the Defendant **TRANS UNION LLC.** ("Trans Union"), alleges as follows:

### Preliminary Statement

1. This is an action for actual damages, statutory damages, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 (Fair Credit Reporting Act or FCRA).

1

## JURISDICTION & VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue in this Court is proper in that "Trans Union" transacts business here and the conduct complained of occurred here.

## PARTIES

3. "Plaintiff" Jah Jah Bey is a natural person and resides in the District of Colombia. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

4. Upon information and belief, "Trans Union", is a corporation authorized to do business in the District of Colombia.

5. Upon information and belief, "Trans Union" is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f).

6. Upon information and belief, "Trans Union" is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. Upon information and belief, "Trans Union" disburses such consumer reports to third parties under contract for monetary compensation.

## GENERAL FACTUAL ALLEGATIONS

8. On August 1, 2009 "Plaintiff" Jah Jah Bey executed a month to month lease agreement (hereafter "the agreement") with Chelsea West Apartments to reside at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

9. "Plaintiff" never missed a payment during the time he resided at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

10. "Plaintiff" never made a late payment during the time he resided at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

11. "Plaintiff" never breached "the agreement".

12. "Plaintiff" stopped residing at 4301 West Village Dr. #2019 Camp Springs, MD 20746 on November 31, 2009.

13. According to "the agreement", "Plaintiff" gave Chelsea West Apartments adequate and proper notice of his early departure[1].

14. On or about January 2012, Mr. Bey became aware that "Trans Union" had been reporting a derogatory outstanding debt of $5,579.00 furnished by Fair Collections & Outsourcing (hereafter "the account") on his person credit files.

15. "The account" reporting was false and incorrect.

16. On May 8, 2012 Mr. Bey forwarded to "Trans Union" a letter (hereafter "letter1") certified mail receipt number 70110110000154518247 disputing the "the account".

---

[1] See Exhibit A. Plaintiff's 60 day notice letter.

3

17. "Letter1" included a detailed description of the nature of Mr. Bey's dispute.

18. "Trans Union" did not respond to Mr. Bey's dispute "letter1".

19. "Trans Union" continued to report "the account" after May 2012.

20. On January 2013, Mr. Bey obtained an up to date copy of his credit report from "Trans Union".

21. On January 2013, Mr. Bey noticed that "Trans Union" had still been reporting "the account".

22. "The account" reporting was false and incorrect.

23. On May 14, 2013 Mr. Bey forwarded another dispute letter (hereafter "letter2") to "Trans Union" certified mail receipt number 70121010000364006739 disputing the "the account".

24. On or about May 24, 2013 "Trans Union" responded to "letter2" by explaining the requirements and non-requirements of the Fair Credit Reporting Act (FCRA).

25. On or about May 24, 2013 "Trans Union" responded to "letter2" by explaining a national consumer reporting agency's role in a dispute process..

4

26. On or about June 11, 2013 "Trans Union" responded to Mr. Bey's dispute "letter2" by verifying "the account".

27. On September 2013, Mr. Bey obtained an up to date copy of his credit report from "Trans Union".

28. On October 15, 2013, Mr. Bey forwarded a detailed dispute to "Trans Union"[2] (certified mail receipt number 70121010000364074486) that contained new information[22] of why "the account" was being reported incorrectly (hereafter "letter3").

29. On or about November 2013, "Trans Union" responded to Mr. Bey's dispute "letter3" by verifying "the account".

30. "Trans Union" knew the "the account" was being reported incorrectly and willfully violated Mr. Bey's rights under the FCRA by refusing to correct or delete the account.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32. "Trans Union" violated 15 U.S.C. §1681i(a)(1) by willfully or negligently failing to conduct a reasonable investigation of Plaintiff's dispute "letter3".

---

[2] See Exhibit B, "letter3"
[22] See Exhibit D.

33. "Trans Union" violated 15 U.S.C. §1681i(a)(1) by willfully or negligently failing to conduct a reasonable investigation within thirty (30) days of Plaintiff's dispute "letter3".

34. "Trans Union" violated 15 U.S.C. §1681i(a)(2) by willfully or negligently failing to provide Fair Collections & Outsourcing with all the relevant information supporting Plaintiff's dispute "letter3".

35. "Trans Union" violated 15 U.S.C. §1681i(a)(4) by willfully or negligently failing to review and consider all the information provided in Plaintiff's dispute "letter3".

36. "Trans Union" violated 15 U.S.C. §1681(a)(5)(A) by willfully or negligently failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

37. As a result of conduct, actions and inactions of "Trans Union", the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, inability to obtain a mortgage loan[3], loss of credit opportunity, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38. "Trans Union"'s conduct, actions and inactions were willful, rendering "Trans Union" liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, "Trans Union" was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

---

[3] See Exhibit C. Denial Letters and Mortgagee Letter HUD 4155.1 4.C.2.e

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from "Trans Union" in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against "Trans Union"; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

JAH JAH BEY
By *[signature]*

JAH JAH BEY
4274 East Capital Street #201
Northeast Washington D.C.
jahjahbey@yahoo.com
(202) 500-1331

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAH JAH BEY )<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION LLC. )<br>1013 CENTRE ROAD )<br>WILMINGTON, DE 19805 )<br>Serve: CSC LAWYERS INCORPORATING )<br>SERVICE COMPANY. )<br>7 SAINT PAUL STREET SUITE 1660 )<br>BALTIMORE, MD 21202 )<br>)<br>)<br>    Defendant. ) | CIVIL ACTION NO. _____<br>**JURY TRIAL DEMANDED** |

### VERIFICATION OF COMPLAINT AFFIDAVIT

BEFORE ME personally appeared Jah Jah Bey who, being by me first duly sworn and identified in accordance with all applicable Law, deposes and says:

1. My name is Jah Jah Bey, Plaintiff herein.
2. I have read and understood the attached foregoing Complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT

_____
Jah Jah Bey, Affiant

SWORN TO and subscribed before me this 3rd day of January 2014.

_____ 01/03/14

ADRIAN H K RENEE
Notary Public
Prince George's County
Maryland
My Commission Expires Jan. 18, 2016

September 21, 2009

Jahi Smith

4301 WestVillage Dr. Apt.# 2019

Suitland, Md 20746

Exhibit A

Please be advised that I, Jahi smith find it necessary to vacate my apartment (2019) as of November 31, 2009. The reasons I need to leave are as follows:

A) Based on my annual income I do not foresee me being able to afford my monthly lease in a timely manner. I work at the National Children's Center driving trucks and in my two years here I have seen at least 50 of my co-workers be terminated. Collectively I have no job security and my work environment is very tenuous.
B) Black Diamond Entertainment (my supplementary income) has reneged on their contract to myself and if fact owes me an excess of $20,000.00. This is money that was contractually promised to be returned to me that has not been. This situation has greatly affected my financial stability.
C) My history here @ Chelsea West) as well as my previous residence's (4305 f#105 & 4311 C#301 Metro place @ Town Center) show that I have never been late on a payment in the past two years. Therefore in order to continue that practice and maintain my good credit I have made the decision to no longer reside at Chelsea West.
D) My grandmother who is 87 years old recently had cervical spinal surgery. She still has pins and needles in her neck and her operation was so serious that she could have been paralyzed. Currently she is living in a 4 floor house by herself in which it has become increasingly difficult for her to get around. Ultimately my grandmother's well being has become a priority so I am considering relocating with her in Montclair, New Jersey.

Thank you

Jahi Smith

Exhibit B

Jah Jah Bey                                         Social Security Number ▇▇▇▇ 5203
POB 471213
District Heights, MD 20753


TransUnion Consumer Reporting Agency

PO Box 6790

Fullerton, CA 92834


**\*Please send all corresponding communications to:**

**Jah Jah Bey P.O. BOX 471213 District Heights, MD 20753**

10-15-2013

Greetings,

This letter is from Jah Jah Bey. I am writing to have the item listed below removed from my credit report that is being incorrectly reported. This is Notice that I dispute all items listed below, and ask that you as a Consumer Reporting Agency, consider all the **NEW** details provided in connection to the nature of my dispute.

The Items are:

#1 **Fair Collections & Outsourcing** (FCO) Unlawful Credit Reporting of Account # ▇▇▇▇▇▇▇

-I do not owe any debts on the above mentioned account, and the debt amounts being reported are incorrect. In your investigation, be sure to request that FCO provide the following information on the debt: (1) a copy of the original lease contract that I (formerly known as Jahi Smith) signed with Riverstone Residential Group to reside at Chelsea West Apartments, (2) verification and explanation of the following outstanding debts (See attached ledger):

1. In December 2009, I was charged $10.32 (See attachment *4 minus *5) for December 1, 2009 concession. I did not reside at Chelsea West during the month of December 2009, and was not liable for December 2009 concession. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for December 2009 concession, even though I didn't reside at Chelsea West in December 2009.

2. According to the attached ledger, I was charged $200.00 for up front concession reimbursement (See attachment *6). This fee is in not accurate. In your investigation, be sure

to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for up front concession.

3. According to the ledger, I was charged $495.00 for insufficient notice (See attachment *7). I gave sufficient notice, and this fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for insufficient notice, even though I gave sufficient notice (See Exhibit 2 September 21,2009 notice for November 31,2009 departure-60 day notice was required).

4. According to the ledger, I was charged $145.00 for gas, water, and sewer (See attachment *8,*9,&*10) for December 2009. I did not reside at Chelsea West Apartments in December 2009, and therefore wasn't liable to such charges. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for December 2009 utilities, even though I didn't reside at Chelsea West in December 2009.

5. According to the ledger, I was charged $1,280.00 for re-occuring concession reimbursement (See attachment *11). I gave sufficient notice, and wasn't subject to a re-occuring concession fee. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for a re-occuring concession reimbursement even though a gave sufficient notice.

6. According to the ledger, I was charged $61.94 (See attachment *2 minus *3) for one day's rent on December 1, 2009. I did not reside at Chelsea West during December 2009, and was not liable for rent in December 2009. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for December 2009 rent, even though I didn't reside at Chelsea West in December 2009.

7. The total amount being reported by FCO is $5,579.00. This sum is incorrect, and is also inconsistent with the sum total of the attached ledger (See attachment *Mr. Bey4 which lists a debt amount of $5,878.72). In order for FCO to verify the amount being reported, FCO would by default have to verify the fees and charges listed above (the fees and charges listed above were added together to equal the debt amount being reported by FCO). In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount.

Sincerely,
Jah Jah Bey





NMLS 338923

AnnieMac Home Mortgage
2525 Augustine Herman Hwy, Suite E
Chesapeake City, MD 21915
410.441.3142
www.danhorrell.annie-mac.com

Dear Jah Jah Bey,

Thank you for inquiring about a purchase of your new home. Unfortunately at this time we are not able to offer you financing. Even though your income and credit score is perfect, there is a collection account from Fair Collections that still shows a balance pending.

If and when you are able to resolve this issue with Fair Collections, we would be happy to extend financing for you.

Thank You,

Daniel Horrell
NMLS# 160526
AnnieMac Home Mortgage
Mobile: 443.802.8363

Delaware Chapter 22 Licensed Lender License (#011546), Maryland Mortgage Lender (#19406), American Neighborhood Mortgage Acceptance Company is licensed by the New Jersey Department of Banking and Insurance (#NO000004875), Licensed by the Pennsylvania Department of Banking as a Mortgage Lender (#33587).






U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

WASHINGTON, DC 20410-1000

ASSISTANT SECRETARY FOR HOUSING-
FEDERAL HOUSING COMMISSIONER

# Mortgagee Letter 2012-3, Continued

### Handling of Disputed Accounts/Public Records (continued)

| HUD 4155.1 4.C.2.e | FHA does *not* require that collection accounts be paid off as a condition of mortgage approval. However, court-ordered judgments *must* be paid off before the mortgage loan is eligible for FHA insurance endorsement. | If the total outstanding balance of all collection accounts is equal to or greater than $1,000 the borrower must resolve the accounts (e.g. entered into payment arrangements with minimum three months verified payments- paid as agreed) or paid in full at the time of, or prior to closing. Mortgagees must document the case binder showing each account was resolved or paid in full. If the total outstanding balance of all collection accounts is less than $1,000, the borrower is not required to pay off the collection accounts as a condition of mortgage approval. FHA continues to require judgments to be paid off before the mortgage loan is eligible for FHA insurance.* |

\* *Exception*: An exception to the payoff of a court-ordered judgment may be made if the borrower has an agreement with the creditor to make regular and timely payments, and provides documentation indicating that a minimum of three months payments have been made according to the agreement. The monthly payment must be included in the borrower's debt-to-income ratio.

Examples of acceptable documentation to support the resolution of disputed accounts or the payoff of accounts would be a letter from the creditor outlining the terms of the payment arrangements, or verifying payoff of debt, cancelled check(s), or a supplement to the credit report verifying payoff or payment arrangements.

*Note: Paying "down" of balances on disputed accounts and collections to reduce the singular or cumulative balance to below $1,000, is not an acceptable resolution of accounts.*

*Continued on next page*

Exhibit D

01-18-10;22:29 ;                       14253290734                    # 13/ '9

| Date | Description | | Amount | | Balance | Ref |
|---|---|---|---|---|---|---|
| 12/1/2009 | Rent (12/2009) | #2 | 1,920.00 | | 3,956.00 | 21767218 |
| 12/1/2009 | Reimbursed Trash (12/2009) | | 20.00 | | 3,976.00 | 21767219 |
| 12/1/2009 | Lease Term Concession (12/2009) | #4 | (320.00) | | 3,656.00 | 21767220 |
| 12/1/2009 | Interest accrued on security deposit, pc | | (0.04) | | 3,655.96 | 21870494 |
| 12/1/2009 | Security Deposit credit | #1 | (300.00) | | 3,355.96 | 21870596 | ←#1
| 12/1/2009 | Rent (12/2009) Credit 30 days | #3 | (1,858.06) | | 1,497.90 | 21870597 |
| 12/1/2009 | Reimbursed Trash (12/2009) Credit 30 days | | (19.35) | | 1,478.55 | 21870598 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | | (48.39) | | 1,430.16 | 21870599 |
| 12/1/2009 | Lease Term Concession (12/2009) Credit 30 days | #5 | 309.68 | | 1,739.84 | 21870600 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | | 48.39 | | 1,788.23 | 21870601 |
| 12/1/2009 | Lease Termination Fee | | 1,920.00 | | 3,708.23 | 21870602 |
| 12/1/2009 | Upfront Concession Reimbursement | #6 | 200.00 | | 3,908.23 | 21870603 |
| 12/1/2009 | Re-occurring Concession Reimbursement | #11 | 1,280.00 | | 5,188.23 | 21870604 |
| 12/1/2009 | Damages (holes in master bedroom wall) | | 50.00 | | 5,238.23 | 21870605 |
| 12/1/2009 | Insufficient Notice | #7 | 495.48 | | 5,733.71 | 21870606 |
| 12/1/2009 | Reimbursed Gas | #8 | 72.50 | | 5,806.21 | 21870607 |
| 12/1/2009 | Reimbursed Water | #9 | 29.01 | | 5,835.22 | 21870608 |
| 12/1/2009 | Reimbused Sewer | #10 | 43.50 | | 5,878.72 | 21870609 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21767218 Rent Write Offs- 12/09 | | (1,430.16) | | 4,448.56 | 21889218 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870600 Non-Rent Write Offs-12/09 | | (309.68) | | 4,138.88 | 21889221 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870601 Non-Rent Write Offs-12/09 | | (48.39) | | 4,090.49 | 21889222 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870602 Non-Rent Write Offs-12/09 | | (1,920.00) | | 2,170.49 | 21889223 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870603 Non-Rent Write Offs-12/09 | | (200.00) | | 1,970.49 | 21889224 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870604 Non-Rent Write Offs-12/09 | | (1,280.00) | | 690.49 | 21889225 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870605 Non-Rent Write Offs-12/09 | | (50.00) | | 640.49 | 21889226 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870606 Non-Rent Write Offs-12/09 | | (495.48) | | 145.01 | 21889227 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870607 Non-Rent Write Offs-12/09 | | (72.50) | | 72.51 | 21889228 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870608 Non-Rent Write Offs-12/09 | | (29.01) | | 43.50 | 21889229 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870609 Non-Rent Write Offs-12/09 | | (43.50) | | 0.00 | 21889230 |

https://voyager.myriverstone.com/voyager60/reports/Resident_Ledger.asp?hTcnt=236003...   1/18/2010

01-18-10;22:29 ;                    14253290734                      # 14/ '9

## Move Out Statement
### 20885 - Chelsea West

Print Date: 12/1/2009
Print Time: 2:25:12PM
Page 1 of 1

| | | | | | |
|---|---|---|---|---|---|
| Code | 10483015 | Property | 20885 | Lease From | 08/01/2009 |
| Name | Jan Smith | Unit | 2019 | Lease To | 07/31/2010 |
| Address | 3407 Waltham Street | Status | Past | Move In | 08/01/2009 |
| | | Rent | 1,920.00 | Move Out | 12/01/2009 |
| City | Suitland, MD 20746 | | | Notice | 10/05/2009 |
| Telephone | (O)-0- (H)-(202) 210-2792 | | | | |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|
| | Balance as of 12/1/2009 | | | $2,036.00 | |
| 12/1/2009 | Garage Rental (12/2009) | 50.00 | | 2,086.00 | 21767216 |
| 12/1/2009 | Garage Rental (12/2009) | (50.00) | | 2,036.00 | 21767217 |
| 12/1/2009 | Rent (12/2009) | 1,920.00 | | 3,956.00 | 21767218 |
| 12/1/2009 | Reimbursed Trash (12/2009) | 20.00 | | 3,976.00 | 21767219 |
| 12/1/2009 | Lease Term Concession (12/2009) | (320.00) | | 3,656.00 | 21767220 |
| 12/1/2009 | Interest accrued on security deposit, pc | (0.04) | | 3,655.96 | 21870494 |
| 12/1/2009 | Security Deposit credit | (300.00) | | 3,355.96 | 21870696 |
| 12/1/2009 | Rent (12/2009) Credit 30 days | (1,858.06) | | 1,497.90 | 21870697 |
| 12/1/2009 | Reimbursed Trash (12/2009) Credit 30 days | (19.35) | | 1,478.55 | 21870698 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | (48.39) | | 1,430.16 | 21870699 |
| 12/1/2009 | Lease Term Concession (12/2009) Credit 30 days | 309.68 | | 1,739.84 | 21870600 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | 48.39 | | 1,788.23 | 21870601 |
| 12/1/2009 | Lease Termination Fee | 1,920.00 | | 3,708.23 | 21870602 |
| 12/1/2009 | Upfront Concession Reimbursement | 200.00 | | 3,908.23 | 21870603 |
| 12/1/2009 | Re-occuring Concession Reimbursement | 1,280.00 | | 5,188.23 | 21870604 |
| 12/1/2009 | Damages (holes in master bedroom wall) | 50.00 | | 5,238.23 | 21870605 |
| 12/1/2009 | Insufficient Notice | 495.48 | | 5,733.71 | 21870606 |
| 12/1/2009 | Reimbursed Gas | 72.50 | | 5,806.21 | 21870607 |
| 12/1/2009 | Reimbursed Water | 29.01 | | 5,835.22 | 21870608 |
| 12/1/2009 | Reimbursed Sewer | 43.50 | | 5,878.72 | 21870609 |

Amount Owed:   5,878.72  (Mr. Bey 4)

Comments: