## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

---

JAH JAH BEY,  
        Plaintiff,

vs.

TRANS UNION LLC,  
        Defendant.

CASE NO. 1:14-cv-00097-ABJ

Judge Amy Berman Jackson

---

### TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### Preliminary Statement

1. This is an action for actual damages, statutory damages, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 (Fair Credit Reporting Act or FCRA).

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### JURISDICTION & VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue in this Court is proper in that "Trans Union" transacts business here and the conduct complained of occurred here.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### PARTIES

3.       "Plaintiff" Jah Jah Bey is a natural person and resides in the District of Colombia [sic]. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.       Upon information and belief, "Trans Union", is a corporation authorized to do business in the District of Colombia [sic].

**ANSWER:**  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.       Upon information and belief, "Trans Union" is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f).

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

6.       Upon information and belief, "Trans Union" is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Upon information and belief, "Trans Union" disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:** As Plaintiff's allegations are stated and absent a proper definition of the terms employed therein, Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## GENERAL FACTUAL ALLEGATIONS

8. On August 1, 2009 "Plaintiff" Jah Jah Bey executed a month to month lease agreement (hereafter "the agreement") with Chelsea West Apartments to reside at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. "Plaintiff" never missed a payment during the time he resided at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. "Plaintiff" never made a late payment during the time he resided at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. "Plaintiff" never breached "the agreement".

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12. "Plaintiff" stopped residing at 4301 West Village Dr. #2019 Camp Springs, MD 20746 on November 31, 2009.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. According to "the agreement", "Plaintiff" gave Chelsea West Apartments adequate and proper notice of his early departure[1].

**ANSWER:**  Trans Union states that "Exhibit A" speaks for itself.  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14. On or about January 2012, Mr. Bey became aware that "Trans Union" had been reporting a derogatory outstanding debt of $5,579.00 furnished by Fair Collections & Outsourcing (hereafter "the account") on his person [sic] credit files.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15. "The account" reporting was false and incorrect.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16. On May 8, 2012 Mr. Bey forwarded to "Trans Union" a letter (hereafter "letter1") certified mail receipt number 70110110000154518247 disputing the "the account".

---

[1] See Exhibit A.  Plaintiff's 60 day notice letter.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.   "Letter1" included a detailed description of the nature of Mr. Bey's dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.   "Trans Union" did not respond to Mr. Bey's dispute "letter1".

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.   "Trans Union" continued to report "the account" after May 2012.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.   On January 2013, Mr. Bey obtained an up to date copy of his credit report from "Trans Union".

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.   On January 2013, Mr. Bey noticed that "Trans Union" had still been reporting "the account".

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.   "The account" reporting was false and incorrect.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. On May 14, 2013 Mr. Bey forwarded another dispute letter (hereafter "letter2") to "Trans Union" certified mail receipt number 70121010000364006739 disputing the "the account".

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. On or about May 24, 2013 [sic] "Trans Union" responded to "letter2" by explaining the requirements and non-requirements of the Fair Credit Reporting Act (FCRA).

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. On or about May 24, 2013 [sic] "Trans Union" responded to "letter2" by explaining a national consumer reporting agency's role in a dispute process.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. On or about June 11, 2013 "Trans Union" responded to Mr. Bey's dispute "letter2" by verifying "the account".

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. On September 2013, Mr. Bey obtained an up to date copy of his credit report from "Trans Union".

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. On October 15, 2013, Mr. Bey forwarded a detailed dispute to "Trans Union"[2] (certified mail receipt number 70121010000364074486) that contained new information[22] [sic] of why "the account" was being reported incorrectly (hereafter "letter3").

**ANSWER:** Trans Union states that "Exhibit B" and "Exhibit D" speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29. On or about November 2013, "Trans Union" responded to Mr. Bey's dispute "letter3" by verifying "the account".

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30. "Trans Union" knew the "the account" was being reported incorrectly and willfully violated Mr. Bey's rights under the FCRA by refusing to correct or delete the account.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT

## 15 U.S.C. §1681i

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

32. "Trans Union" violated 15 U.S.C. §1681i(a)(1) by willfully or negligently failing to conduct a reasonable investigation of Plaintiff's dispute "letter3".

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

---

[2] See Exhibit B, "letter3"
[22] [sic] See Exhibit D.

33. "Trans Union" violated 15 U.S.C. §1681i(a)(1) by willfully or negligently failing to conduct a reasonable investigation within thirty (30) days of Plaintiff's dispute "letter3".

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

34. "Trans Union" violated 15 U.S.C. §1681i(a)(2) by willfully or negligently failing to provide Fair Collections & Outsourcing with all the relevant information supporting Plaintiff's dispute "letter3".

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

35. "Trans Union" violated 15 U.S.C. §1681i(a)(4) by willfully or negligently failing to review and consider all the information provided in Plaintiff's dispute "letter3".

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

36. "Trans Union" violated 15 U.S.C. §1681(a)(5)(A) by willfully or negligently failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

37. As a result of conduct, actions and inactions of "Trans Union", the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, inability to obtain a mortgage loan[3], loss of credit opportunity, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

38. "Trans Union"'s [sic] conduct, actions and inactions were willful, rendering "Trans Union" liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

---

[3] See Exhibit C.  Denial Letters and Mortgagee Letter HUD 4155.1 4.C.2.e

§1681n. In the alternative, "Trans Union" was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from "Trans Union" in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against "Trans Union"; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

TRIAL BY JURY IS DEMANDED.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ H. Mark Stichel*
H. Mark Stichel, Esq.  (DC Bar #503038)
Gohn Hankey and Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, MD  21201
Telephone:  (410) 752-9300
Fax:  (410) 752-2519
E-Mail:  hmstichel@ghsllp.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **29th day of January, 2014**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

|  |  |
|--|--|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **29th day of January, 2014**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Jah Jah Bey<br>4274 East Capital Street, #201<br>Northeast Washington, DC  20019 |  |
|--|--|

*/s/ H. Mark Stichel*
H. Mark Stichel, Esq.  (MD Bar #503038)
Gohn Hankey and Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, MD  21201
Telephone:  (410) 752-9300
Fax:  (410) 752-2519
E-Mail:  hmstichel@ghsllp.com

*Counsel for Defendant Trans Union, LLC*